**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Deborah Ann Ferguson,

    Plaintiff,

    v.    Case No. 1:18cv465

Commissioner of Social Security    Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 30, 2019, Report and Recommendation ("R&R") recommending that the decision of the Commissioner be affirmed and this case be closed on the docket of the Court. (Doc. 18).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 19). The Commissioner filed a response to Plaintiff's objections. (Doc. 21).

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying her application for Child's Disability Insurance Benefits. The Magistrate Judge completed a comprehensive review of the record and

the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

The ALJ found that Plaintiff had four severe impairments prior to attaining age 22 which affected her ability to do basic work-related functions: (1) aberrant right subclavian artery, (2) left eye blindness, (3) incontinentia pigmenti, and (4) slight developmental delay. (Tr. 17). The ALJ made the following finding with regard to Plaintiff's residual functional capacity:

> 5. Prior to attaining age 22, [plaintiff] had the residual functional capacity to perform a full range of work at all exertional levels subject to the following non- exertional limitations:(1) no climbing of ladders, ropes, or scaffolds; (2) no work at unprotected heights or with dangerous machinery; (3) no driving; (4) no requirement to read fine print as a part of essential job duties; (5) no need for peripheral vision as part of essential job duties; (6) limited to simple, routine tasks; (7) limited to a static work environment with few changes in routine; (8) no fast-paced work or strict production quotas; (9) no requirement for math or reading above a 6th-grade level.

(Tr. 19). While the ALJ included restrictions in the RFC finding to account for left-eye blindness and any developmental delay, the ALJ found "the vast majority of the evidence of record" showed that there was no "convincing objective medical evidence or clinical findings" before the date plaintiff attained age 22 to show that she had greater functional limitations than those assessed by the ALJ. (Tr. 17, 20). After a review of the medical evidence in the record, the Magistrate Judge found no support for any debilitating functional limitations prior to age 22. (Doc. 18, PAGEID# 2172). The Magistrate Judge rejected Plaintiff's argument that the ALJ impermissibly relied on the opinions of the state agency reviewing physicians, Drs. Gerald Klyop, and Maureen Gallagher. (Doc. 18, PAGEID# 2174). Accordingly, the Magistrate Judge concluded that the ALJ properly found that Plaintiff's severe impairments did not impose extertional restrictions prior to

age 22.

In her Objections, Plaintiff again argues that the ALJ improperly relied upon the opinions of the state agency reviewing physicians because they did not have access to the Cincinnati Children's Hospital medical records in Exhibit 16f, which is the only medical evidence of record which pertains to the period of time at issue. Plaintiff explains that the ALJ should have obtained further medical opinions which would have considered the evidence in Exhibit 16f. However, as the Magistrate Judge explained, the ALJ considered this evidence, but did not find the records contained evidence showing that Plaintiff's impairments limited her "exertional capabilities" during the time period in question. The Magistrate Judge noted that Plaintiff has not identified any evidence in the Children's Hospital records which indicated that her severe impairments imposed exertional restrictions prior to age 22.

As the Magistrate Judge set forth in her R&R, the Sixth Circuit has explained that:

> "the *ALJ* is charged with the responsibility of determining the RFC based on *her* evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.*, 531 Fed.Appx. 719, 728 (6th Cir. 2013) (emphasis added). An RFC is an "administrative finding," and the final responsibility for determining an individual's RFC is reserved to the Commissioner. SSR 96-5p, 1996 WL 374183, at * 1–2 (July, 2, 1996). "[T]o require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability." *Rudd*, 531 Fed.Appx. at 728.

*Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017). In other words, "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (citing *Ford v. Comm'r of Soc. Sec.*, 114 Fed.Appx. 194, 197 (6th Cir. 2004)). This is not an instance

3

where the ALJ merely relied on his own medical interpretation of the record. Instead, the ALJ reviewed the records and did not find evidence which would support exertional restrictions during the time period in question. Therefore, the Court finds no error in the Magistrate Judge's conclusion on this point; and Plaintiff's objections are OVERRULED.

Next, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly evaluated Plaintiff's testimony. Specifically, Plaintiff maintains that the ALJ did not properly address Plaintiff's subjective complaints regarding her physical symptoms. However, the Magistrate Judge provided a detailed review of Plaintiff's testimony (Doc. 18, PAGEID# 2176-2177), and found that the ALJ evaluated Plaintiff's subjective allegations in light of the relevant factors set forth in 20 C.F. R. § 404.1529(c)(3) and SSR 16-3p. The Court finds no error in the Magistrate Judge's conclusion on this point; and Plaintiff's objections are OVERRULED.

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's August 30, 2019 R&R (Doc. 18). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter is closed and terminated on the active docket of this Court.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court